IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE BOXLY, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:25-CV-1754-N-BK |
| | § | |
| NAVY FEDERAL CREDIT UNION, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 13. Defendant Navy Federal Credit Union's *Motion to Dismiss*, Doc. 14, is before the Court for findings and a recommended disposition. For the reasons detailed herein, Defendant's motion to dismiss should be **GRANTED IN PART**.

### I. BACKGROUND

Plaintiff Andre Boxly, proceeding *pro se*, has sued Defendant Navy Federal Credit Union ("Navy Federal") for damages allegedly suffered after Navy Federal failed to process the deposit of an insurance proceeds check and placed a freeze on Boxly's account. Doc. 1, *passim*. Boxly alleges that Navy Federal did so because it suspected the check was fraudulent. Doc. 1 at 2. Boxly alleges, however, that even after sending Navy Federal documents from his insurance provider, which confirmed the validity of the check, Navy Federal did not remove the hold for six months. Doc. 1 at 2-3. Boxly further alleges that he suffered "significant economic harm and consequential losses" since he could not purchase certain inventory for his business, which resulted in his loss of business opportunities. Doc. 1 at 3. Boxly also alleges that he was unable

to complete the renovation of a property he owned due to lack of funds, which resulted in him selling the property at about a $100,000.00 loss. Doc. 1 at 3. Boxly sues Navy Federal for breach of contract, negligent and intentional infliction of emotional distress (IIED),[1] and gross negligence, or, in the alternative, "bad faith banking practices." Doc. 1 at 4.

Navy Federal has moved to dismiss Boxly's claims under Rules 12(b)(1), (3) (5), and (6) of the Federal Rules of Civil Procedure. Doc. 14. After Navy Federal filed its reply, Doc. 16, Boxly filed an amended response. Doc. 17.

## II. DISMISSAL FOR LACK OF JURISDICTION UNDER RULE (12)(b)(1)

### A. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal based on lack of subject matter jurisdiction. The party attempting to bring their case into federal court has the burden of proof to establish subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties— commonly referred to as 'federal question' jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331-1332, 1369). As

---

[1] As discussed *infra*, Boxly has abandoned his negligent infliction of emotion distress claim. Doc. 17.

2

relevant here, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332.

### B. Analysis

Navy Federal argues Boxly's claims should be dismissed for lack of subject matter jurisdiction because Boxly has failed to satisfy the requisite amount in controversy for diversity jurisdiction. Doc. 14 at 14-16. Although Navy Federal acknowledges that the amount stated in the complaint controls, if made in good faith, it states that is not the case here. *See* Doc. 14 at 15-16. Although Navy Federal does not offer any direct evidence of bad faith, it seemingly relies on the amount sought as per se proof of the same, arguing that Boxly merely seeks to plead around the requirements of diversity jurisdiction. Doc. 14 at 16.

Boxly's request for economic and non-economic damages totaling $3,500,000.00 is well above the jurisdictional threshold of $75,000. Doc. 1 at 3-4. And while Boxly has not demonstrated his entitlement to the $3,500,000 in civil damages he seeks, he is not required to do so to survive a motion to dismiss. *Iron Mountain Processing, LLC v. Fortis Metal Mgmt., LLC,* No. 3:24-CV-0952, 2024 WL 4453799, at *4 (N.D. Tex. Oct. 9, 2024) (Boyle, J.) (noting that the "factual basis" upon which plaintiff rested its claim for $200,000 in punitive damages "may be far-fetched," but was nevertheless sufficient to meet the jurisdictional amount).

Nevertheless, the monetary damages must have a causal connection to Navy Federal's failure to credit the check deposit in Boxly's account for six months, as well as some plausible factual basis. *See Thomson v. Gaskill,* 315 U.S. 442, 447 (1942); *see also Harris v. Illinois Cent. R. Co.,* 220 F.2d 734, 736 (5th Cir. 1955) (damages for federal jurisdictional purposes must be estimated in good faith). However here, Boxly alleges nothing from which a good faith basis can

be inferred for such an extraordinary damages request.  Indeed, Boxly's claim for punitive damages of 2.25 million dollars resulting from the six-month delay in crediting his account $51,577.04 is glaringly implausible.  Doc. 1 at 3-4; *Gaskill*, 315 U.S. at 447 ("[T]he value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation." ).

Nevertheless, the Court does not suggest that Boxly **cannot** meet the $75,000 threshold jurisdictional amount if permitted to replead, only that he has not done so at this juncture.  *See, e.g.*, Doc. 1 at 3-4 (claiming a loss of $100,000 on the sale of property resulting from Boxly's lack of resources to complete renovations, but not indicating what portion of that amount would be offset by the sum Boxly would have spent on such renovations; and allegations of missing out on the opportunity to purchase air filters and appliances at wholesale prices, but no indication of what, if any profit would have been realized by the subsequent sales of the same).

For the foregoing reasons, the Court concludes that as presently pled, Boxly has failed to establish the requisite amount in controversy to support jurisdiction, as it appears he lacks a good faith basis for the 3.5 million dollars in damages he seeks.  As such, Navy Federal's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) should be granted.

## III. DISMISSAL FOR IMPROPER VENUE UNDER RULE (12)(b)(3)

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(3) states that a party may move to dismiss a case for improper venue.  The general venue statute, 28 U.S.C. § 1391, sets out three categories that determine the proper venue in civil actions: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or

4

a substantial part of property that is the subject of the action is situated"; and (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b)(1)-(3).

If, after considering all the evidence, a plaintiff's choice of forum does not fall within one of the Section 1391(b) categories, then "venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)."  *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Texas*, 571 U.S. 49, 56 (2013).  But a case filed in a district that falls within either of the categories in Section 1391 may not be dismissed under Rule 12(b)(3).  *Id.*

The United States Court of Appeals for the Fifth Circuit has not yet held which party bears the burden on a Rule 12(b)(3) motion, but "most district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum."  *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (citing cases); *see also* Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* § 3826 (West October 2020 update) ("the weight of judicial authority appears to be that when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue.").

When deciding a Rule 12(b)(3) motion, the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the non-movant.  *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted).  The Court also may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments.  *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citations and internal quotation marks omitted) ("the court may find a plausible set of facts by considering

5

any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts").

### B. Analysis

Navy Federal argues that because venue is not properly laid in this Court, Boxly's claims should be dismissed or, alternatively, this case should be transferred to an unspecified district court in Missouri, which it contends is the proper venue. Doc. 14 at 14. Upon review, however, the Court determines venue is indeed proper in the Northern District of Texas.

Boxly alleges that the events or omissions giving rise to his claim—Navy Federal freezing his bank account after an insurance check was deposited and withholding those deposited funds—occurred in Dallas County, Texas, after Boxly deposited the check at a Navy Federal Credit Union branch in Dallas. Doc. 10 at 1; Doc. 17 at 2.[2] Navy Federal nonetheless points to facts that (1) Boxly listed a Missouri address for himself in his complaint, (2) the insured property is located in Missouri,[3] and (3) the insurance check is addressed to Boxly at a Missouri address, as support for its argument. Doc. 14 at 11-14.

Even assuming *arguendo* that venue may be proper in Missouri, none of the facts relied on by Navy Federal negates that, based on other facts Boxly alleges, venue is **also** proper in this district where the branch at which the check was negotiated is located and, presumably, witnesses and records are also located. Put differently, because venue is not **improper** in the

---

[2] Because he is *pro se*, Boxly's answers to the Magistrate Judge's questionnaire constitute an amendment to his complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[3] Although the check in question appears to be the result of a claim concerning the Missouri real property, there is nothing in Boxly's alleged claims that indicates the Missouri real property is the subject of this lawsuit.

Northern District of Texas, Navy Federal's motion to dismiss under Rule 12(b)(3) should be denied.

## IV. DISMISSAL FOR FAILURE TO STATE A CLAIM UNDER RULE (12)(b)(6)

### A. Legal Standard

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up). But the Court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (cleaned up). To survive a Rule 12(b)(6) motion, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted). Put differently, a court must be able to reasonably infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

When deciding a 12(b)(6) motion, the Court "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (cleaned up).

### B. Analysis

Navy Federal argues that Boxly has failed to state a claim for relief. Doc. 14 at 16-18. In his response, Boxly has withdrawn his negligent infliction of emotional distress claim. Doc. 17 at 2. Thus, only Boxly's breach of contract, conversion, intentional infliction of emotional distress, and gross negligence claims remain. *See* Doc. 17 at 2.

Federal courts apply state substantive law "when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Accordingly, Texas substantive law applies in this instance.

Moreover, the Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers") (cleaned up); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Boxly's complaint fails to state a legally cognizable claim.

### 1. Boxly fails to state a claim for breach of contract.

"The elements of a breach of contract action under Texas law are: '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.' " *Certain Underwriters at Lloyd's of London v. Lowen Valley View, LLC*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)).

Here, Boxly alleges that "Navy Federal breached its account agreement by failing to process [his] deposit and denying access to funds without cause or notice." Doc. 1 at 2. However, "it is not enough to generally allege the existence of a contract and generally allege

8

that a contract has been breached.  Instead, to state a plausible breach of contract claim a plaintiff must allege which provision of an unidentified contract has been breached." *Cruz v. Bank of Am., N.A.*, No. 3:19-CV-340, 2020 WL 4561855, at *9 (N.D. Tex. July 10, 2020) (Horan, J), *rep. & rec. adopted*, No. 3:19-CV-340, 2020 WL 4569042 (N.D. Tex. Aug. 7, 2020)*.  To be clear, plaintiffs "must identify the specific provisions of the contract that they allege were breached" to survive a motion to dismiss.  *Id.* (citing *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014)).

Here, Boxly suggests that he had an account agreement of some kind and maintained a checking account with Navy Federal.  Doc. 1 at 1-2.  Boxly's complaint, as construed very liberally and taken as true, alleges the existence of a contract between himself and Navy Federal and that Boxly tendered performance under that contract.  Nevertheless, Boxly fails to point to any specific provision of the alleged contract that was breached by Navy Federal.  *See Williams, 560 F. App'x at 238* (affirming dismissal of breach of contract claim under Rule 12(b)(6) and holding plaintiff's "pleadings failed to identify which provision of the [contract] Wells Fargo allegedly breached.").  As such, Boxly has failed to state a claim for breach of contract.

### 2.  *Boxly fails to state a claim for conversion.*

"Under Texas law, conversion is the wrongful exercise of dominion and control over another's property in violation of the property owner's rights." *ITT Commercial Fin. Corp. v. Bank of the W.,* 166 F.3d 295, 305 (5th Cir. 1999) (citations omitted).  To state a claim for conversion, Boxly must show: "(1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to

return the property." *Gibson v. Wells Fargo Bank, N.A.*, No. 4:16-CV-98, 2016 WL 11755377, at *3 (N.D. Tex. June 9, 2016) (O'Connor, J.) (quoting *Lawyers Title Co. v. J.G. Cooper Dev., Inc.*, 424 S.W.3d 713, 718 (Tex. App.—Dallas 2014, pet. denied)).

"Texas jurisprudence holds that money can be the subject of conversion, but only when it is in the form of specific chattel, such as old coins, or when 'the money is delivered to another party for safekeeping, the keeper claims no title, and the money is required and intended to be segregated, either substantially in the form in which it was received or as an intact fund.'" *Mitchell Energy Corp. v. Samson Res. Co.,* 80 F.3d 976, 984 (5th Cir. 1996) (quoting *Dixon v. State,* 808 S.W.2d 721, 723 (Tex. App.—Austin 1991, writ dism'd w.o.j.)).  Thus, a cause of "action for conversion of money will only lie when the money is: (1) delivered for safekeeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by its keeper." *Paschal v. Great W. Drilling, Ltd.*, 215 S.W.3d 437, 456 (Tex. App.—Eastland 2006, pet. denied).

Here, Boxly does not allege facts from which it can be inferred that Navy Federal assumed or exercised control over a specific identifiable chattel, rather Boxly alleges that Navy Federal "unlawfully retained" *the value* of deposited funds.  *See* Doc. 1 at 3; *Derryberry*, 1998 WL 93275, at *5 (affirming trial court's directed verdict on plaintiff's conversion claim and distinguishing the case, in which the plaintiff sought the value of a check deposited with a bank, from different case, in which conversion was found where that plaintiff sought the return of a specific check that was not deposited and physically held separately for safekeeping by the bank).

For argument sake, even if the $51,577.04 represented by the check could be considered specific chattel, Boxly has not alleged that it was delivered for safekeeping or intended to be kept

segregated.  Rather, Boxly alleges that the funds from the "51,577.04 insurance check. . . had been deposited into his Navy Federal account on December 19, 2024."  Doc. 1 at 3.  Thus, Boxly has failed to state a claim for relief under his conversion claim.

### 3.  *Boxly also fails to state a claim for the intentional infliction of emotional distress.*

Navy Federal argues that Boxly has failed to state a claim for IIED.  Doc. 14 at 17-18.  A plaintiff cannot bring IIED claim based on the same conduct that he alleges in support of other claims against the defendant.  *See Stelly v. Duriso*, 982 F.3d 403, 408 (5th Cir. 2020).  "That is because the intentional infliction of emotional distress is a 'gap-filler' tort, to-wit, a 'judicially created [cause of action] for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress.'"  *Pamon v. United States Postal Serv.*, No. 3:24-CV-2061, 2025 WL 2632401, at *9 (N.D. Tex. Aug. 6, 2025) (Toliver, J.), *rep. & rec. adopted*, No. 3:24-CV-2061, 2025 WL 2426614 (N.D. Tex. Aug. 21, 2025) (quoting *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004); *see also Ameen v. Merck Co.*, 226 F. App'x 363, 372-73 (5th Cir. 2007) (holding that an employee could not bring an intentional-infliction-of-emotional-distress claim because it was based on the same "conduct underlying her retaliation claim").

Boxly's pleadings make clear that his IIED claim is based on the identical conduct that forms the basis of his breach of contract and conversion claims.  The facts alleged in support—that Navy Federal froze his account and flagged his deposited check as fraudulent—are the same facts supporting his other claims.  Doc. 1 at 2-4.  Consequently, Boxly's intentional-infliction-of-emotional-distress claim also fails.

### 4. Boxly has failed to state a claim for Gross Negligence or bad faith banking practices.

Boxly contends that Navy Federal "ignored or recklessly disregarded [submitted] information and maintained a freeze for over six months without justification," and this "constitute[d] gross negligence," or in the alternative, "bad faith banking practices." Doc. 1 at 3. Boxly's allegations are merely a threadbare recital of the elements of a claim for gross negligence. *See* TEX. CIV. PRAC. & REM. CODE § 41.001(11)(A-B)). Boxly has not provided any other factual enhancement. "[G]ross negligence presumes a negligent act or omission and includes two additional elements: (1) viewed objectively from the standpoint of the actor, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Carter v. Trinity Event Staffing*, No. 3:16-CV-1554, 2018 WL 4189707, at *6 (N.D. Tex. Aug. 7, 2018) (Horan, J.), *rep. & rec. adopted*, No. 3:16-CV-1554, 2018 WL 4184850 (N.D. Tex. Aug. 31, 2018) (citing *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 126 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)). Nothing Boxly alleges even suggests an omission by Navy Federal that involved an extreme degree of risk, let alone the other elements of a gross negligence claim.

Additionally, "bad faith banking practices" is not a cognizable cause of action under Texas law, and Boxly has failed to point to any authority that supports such cause of action. Thus, Boxly has failed to state a legally cognizable claim for gross negligence, and it should be dismissed.

## V. DISMISSAL FOR INSUFFICIENT SERVICE UNDER RULE (12)(b)(5)

### A.  Legal Standard

Rule 12(b)(5) permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint.  *See* FED. R. CIV. P. 12(b)(5); *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013).  A federal court is without personal jurisdiction over a defendant unless that defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.  *See id.* (citing *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) and *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983)).  Rule 4(c) places the burden on plaintiffs to ensure that defendants are properly served with summons and a copy of the complaint.  FED. R. CIV. P. 4(c)(1).

### B.  Analysis

Navy Federal argues that Boxly's claims against it should be dismissed for insufficient service of process.  Doc. 14 at 6-7.  However, dismissal for insufficient service under Rule 12(b)(5) is generally not appropriate "unless there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant"; thus, such dismissal is "usually without prejudice to allow plaintiff an opportunity to effect proper service."  *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007) (citations omitted).

Here, there is no basis to conclude that there is no reasonably conceivable means of acquiring jurisdiction over Navy Federal.  Also, as outlined *supra*, Navy Federal is entitled to dismissal of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim.  Doc. 14 at 16-18.  As such, the Court need not consider Navy Federal's argument that dismissal is also warranted under Rule 12(b)(5) for failure to effectuate service.  *See Florance*, 500 F. Supp. 2d at 633

(denying defendants' motion to dismiss under Rules 12(b)(5) and 12(b)(2) because "dismissal for purposes of allowing plaintiff to serve defendants properly [was] unnecessary" when those same defendants "also filed motions to dismiss under Rule 12(b)(6)" that were granted); *cf. Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 746-54 (N.D. Tex. 2013) (considering arguments for dismissal under Rule 12(b)(6) even though dismissal under Rule 12(b)(5) was proper).

## VI. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." As stated *supra*, Boxly's conversion claim is fatally infirm. However, the Court cannot conclusively find the same is true for Boxly's breach of contract, IIED, and gross negligence claims. Moreover, as also stated previously herein, it is not clear based on facts Boxly has already pled that he would be unable to allege and properly support a claim for an amount in controversy that exceeds $75,000. Thus, considering also Boxly's *pro se* status, he should be permitted the opportunity to do so, if possible.

## VII. CONCLUSION

For the foregoing reasons, Defendant Navy Federal's *Motion to Dismiss*, Doc. 14, should be **GRANTED** as set forth here. Boxly's claim for conversion should be **DISMISSED WITH PREJUDICE**, and his remaining claims should be **DISMISSED WITHOUT PREJUDICE**. If this recommendation is accepted, Boxly should be granted a reasonable opportunity to amend his complaint to cure the deficiencies noted herein, if possible, providing that, if he fails to do so,

14

upon the urging of Navy Federal, Boxly's remaining claims should be dismissed with prejudice.

**SO RECOMMENDED** on February 19, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).